UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDUARDO TAMAYO OLIVEROS,

                Petitioner,

vs.                         Case No.  2:06-cv-478-FtM-29SPC
                                (Case No. 2:04-cr-111-FtM-29SPC)

UNITED STATES OF AMERICA,

                Respondent.

_____

## OPINION AND ORDER

_____This matter comes before the Court on petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody[1] (Doc. #1) and Supporting Memorandum of Law (Doc. #2) filed on September 11, 2006.  The Government filed its Response (Doc. #7) on November 1,  2006.  Read liberally, petitioner Eduardo Tamayo Oliveros (petitioner) affirms his guilty plea, but wishes to withdraw from his Plea Agreement so that he can have a new sentencing hearing at which he contests the quantity of drugs attributable to him.  For the reasons set forth below, the motion is denied.

_____

[1]The sentence petitioner challenges was imposed in the companion criminal case, Case No. 2:04-cr-111-FtM-29SPC.  Docket numbers referring to that criminal case are cited as (Cr. Doc. #).  Citations to documents in petitioner's civil § 2255 case are cited as (Doc. #).

**I.**

On December 5, 2004, petitioner and Pedro Gustavo Rodriguez Doural (co-defendant or Doural) were arrested without a warrant based upon probable cause. On December 6, 2004, a Criminal Complaint (Cr. Doc. #1) was filed against both petitioner and Doural charging them with possession with intent to distribute 500 grams or more of cocaine. The Affidavit to the Criminal Complaint stated that three kilograms of cocaine had been located in a hidden compartment of a vehicle driven by petitioner. (Id. at p. 3.)

On December 15, 2004, both defendants were named in a two-count Indictment (Cr. Doc. #13). Petitioner and Doural were charged in Count One with possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, and were charged in Count Two with conspiracy to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine.

On June 23, 2005, petitioner plead guilty to Count Two pursuant to a Plea Agreement (Cr. Doc. #52) before the district judge (Cr. Doc. #87). On September 21, 2005, the Court gave notice to counsel (Cr. Doc. #64) that he should be prepared to show why petitioner should not lose acceptance of responsibility in light of petitioner's argument that he should be held responsible for less than five kilograms when the offense to which he pled guilty was five kilograms or more.

On September 26, 2005, petitioner withdrew his objections to the presentence report, including his objection to the amount of cocaine attributable to him.  Petitioner was sentenced to the mandatory minimum of 120 months imprisonment, plus 5 years supervised release and a $100 special assessment (Cr. Doc. #65). Additionally, Count One was dismissed upon motion by the government (Cr. Doc. #65).  Judgment was entered on September 28, 2005 (Cr. Doc. #67).

Petitioner filed his Notice of Appeal (Cr. Doc. #69) on October 3, 2005.  On June 9, 2006, the Eleventh Circuit affirmed petitioner's conviction and sentence.  United States v. Oliveros, 183 Fed. Appx. 902 (11th Cir. 2006).  Petitioner's timely § 2255 motion followed.

## II.

While petitioner states that he seeks to withdraw from only his Plea Agreement and not his guilty plea (Doc. #2 at pp. 5, 8), his § 2255 motion also asserts that his guilty plea was not knowing and voluntary (Doc. #2 at pp. 4-5) and he received ineffective assistance of counsel in connection with the guilty plea and sentencing (id. at pp. 2, 3-7).  Since petitioner is proceeding *pro se*, the Court will liberally construe his pleadings, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), and will address the validity of the guilty plea as well as the Plea Agreement.

-3-

**A.**

Issues of ineffective assistance of counsel can be raised in a § 2255 proceeding even where petitioner could have raised the issues on direct appeal but failed to do so. Massaro v. United States, 538 U.S. 500 (2003). The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Strickland "ordinarily applies to claims of ineffective assistance of counsel at the plea hearing stage." Wright v. Van Patten, 128 S. Ct. 743, 746 (2008)(citing Hill v. Lockhart, 474 U.S. 52, 58 (1985)). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)(quoting Strickland, 466 U.S. at 690). This judicial scrutiny is "highly deferential." Id. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. An attorney is not ineffective for failing to raise a meritless issue. Ladd v. Jones, 864 F.2d 108,

109-10 (11th Cir. 1989), <u>cert. denied</u>, <u>Ladd v. Burton</u>, 493 U.S. 842 (1989); <u>United States v. Winfield</u>, 960 F.2d 970, 974 (11th Cir. 1992).

**B.**

"A guilty plea is more than a confession which admits that the accused did various acts.  It is an admission that he committed the crime charged against him.  By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." <u>United States v. Broce</u>, 488 U.S. 563, 570 (1989)(internal quotations and citations omitted).  For this reason, the United States Constitution requires that a guilty plea must be voluntary and defendant must make the related waivers knowingly, intelligently and with sufficient awareness of the relevant circumstances and likely consequences. <u>United States v. Ruiz</u>, 536 U.S. 622, 629 (2002); <u>Hill v. Lockhart</u>, 474 U.S. 52, 56 (1985); <u>Henderson v. Morgan</u>, 426 U.S. 637, 645 n. 13 (1976).  A defendant may not raise claims relating to the alleged deprivation of constitutional rights occurring prior to the entry of the guilty plea, but may: (1) raise jurisdictional issues, <u>United States v. Patti</u>, 337 F.3d 1317, 1320 (11th Cir. 2003), <u>cert. denied</u>, 540 U.S. 1149 (2004); (2) attack the voluntary and knowing character of the guilty plea, <u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973); <u>see also</u> <u>Wilson v. United States</u>, 962 F.2d 996, 997 (11th Cir. 1992); or (3) challenge the constitutional effectiveness of the assistance

he received from his attorney in deciding to plead guilty, Fairchild, 803 F.2d 1121, 1123 (11th Cir. 1986). "The guilty plea is not knowingly and voluntarily waived, however, if the defendant does not receive reasonably effective assistance of counsel in connection with the decision to plead guilty." McCoy v. Wainwright, 804 F.2d 1196, 1198 (11th Cir. 1986)(internal citations omitted).

To be voluntary and knowing, (1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea. United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005); United States v. Mosley, 173 F.3d 1318, 1322 (11th Cir. 1999). Rule 11 explicitly directs the district judge not to accept a plea without establishing these core concerns. Therefore, on review the Court is "warranted in regarding the court's acceptance of the plea as a positive finding on each [component of the Rule]." United States v. Buckles, 843 F.2d 469, 473 (11th Cir. 1988), cert. denied, 490 U.S. 1099 (1989).

A defendant who fails to object to a Rule 11 error has the burden of satisfying the plain-error rule. Moriarty, 429 F.3d at 1019. The reviewing court may consult the whole record when considering the effect of any error on substantial rights. United States v. Vonn, 535 U.S. 55, 74-75 (2002). A petitioner "will rarely, if ever, be able to obtain relief for Rule 11 violations under § 2255," and such relief is available "only in the most

egregious cases." <u>United States v. Dominguez Benitez</u>, 542 U.S. 74, 83 n.9 (2004).

"[T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.   Solemn declarations in open court carry a strong presumption of verity.   The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." <u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74 (1977).   Thus, there is a strong presumption that statements made during the plea colloquy are true.   <u>United States v. Medlock</u>, 12 F.3d 185, 187 (11th Cir. 1994).   Petitioner bears a heavy burden to establish that his statements under oath were false.   <u>United States v. Rogers</u>, 848 F.2d 166, 168 (11th Cir. 1988).[2]

## C.

Petitioner's Plea Agreement (Doc. #52) was filed on June 23, 2005, and initialed by petitioner on each page and signed at the end.   The Plea Agreement stated that petitioner would plead guilty to possession with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of

_____

[2]The Court finds that the sentence appeal waiver provision, which also applies to § 2255 proceedings, does not apply to petitioner's challenge to the validity of his guilty plea.   <u>Patel v. United States</u>, 2007 WL 3215420 (11th Cir. Nov. 1, 2007).

cocaine, which was punishable by a mandatory minimum of 10 years to a maximum of life in prison, supervised release of at least 5 years to life, and a special assessment of $100. (Doc. #52, p. 1.) The elements of the crime in Count Two were stated to include "[t]hat the object of the unlawful plan was to possess with intent to distribute more than 5 kilograms of cocaine as charged." (Id. at p. 2.) An "Appeal of Sentence-Waiver" provision was included. (Id. at p. 10.) A detailed, four page statement of Facts (id. at pp. 12-16) summarized the recorded telephone conversations in which petitioner agreed to provide ten kilograms of cocaine and stated that five kilograms would be provided first, and the facts of petitioner's arrest with three kilograms of cocaine in a hidden compartment in a vehicle he was driving.

At the June 23, 2005, change of plea colloquy petitioner was placed under oath and advised that his statements could be used against him if he challenged the taking of the plea, the judgment, the conviction, or the sentence. (Cr. Doc. #87, p. 4.) Petitioner stated that he had enough time to meet with his attorney and discuss the case with him; that he had met with his attorney, discussed the case with him, and told his attorney everything he knew about the case; that he was satisfied with the way he had been represented by his attorney; and that he did not have any complaints about what his attorney had done or had not done. (Id. at p. 10.) Petitioner acknowledged that he had a copy of the Indictment and had read it prior to the change of plea hearing.

(Id. at p. 11.)  The Court summarized Count Two, including that it charged a conspiracy involving five kilograms or more of cocaine. (Id. at pp. 11-12.)  The Court further explained that if petitioner went to trial the government would have to prove certain elements, including that the object of the plan was to possess with intent to distribute more than five kilograms of cocaine.  (Id. at p. 12.) Petitioner stated that he understood what he was charged with in Count Two and had no questions about the charge or what it meant. (Id. at pp. 12-13.)  The Court further explained to petitioner that the sentence included a mandatory minimum sentence of ten years imprisonment, up to life imprisonment, which petitioner stated he understood.   (Id. at p. 13.)   The Court then explained that "mandatory minimum" meant the sentence had to be at least ten years and that the greatest possible sentence is life imprisonment, and petitioner again said he understood.  (Id. at pp. 13-14.)

Petitioner pled guilty to Count Two because he was guilty, and admitted he committed the acts in Count Two.  (Id. at pp. 15-16.) Petitioner stated that he comprehended that a guilty plea means that he is admitting the truth of the charge, and that he understood what he was doing.  (Id. at pp. 15-16.)  The Court then told petitioner the government attorney would make a proffer of facts, during which she would state what she would expect to prove it the case went to trial.  The Court instructed petitioner to listen very carefully because the Court was going to ask him if he agreed with the prosecutor's statement of facts.  (Id. at p. 16.)

The proffer included: (1) that petitioner had agreed to sell a confidential informant ten kilograms of cocaine in recorded conversations, and that the first portion would be a delivery of five kilograms; (2) that on December 5, 2004, petitioner and his co-defendant met the informant and showed the informant three kilograms of cocaine in a hidden compartment in the vehicle petitioner was driving; (3) that discussions took place about when the remainder of the cocaine would be delivered, and it was agreed delivery would be the following week; and (3) that petitioner was then arrested and three kilograms of cocaine were seized. (Id. at pp. 16-17.)

The Court then asked petitioner if that was what happened, and he said "yes, sir." (Id. at p. 18.) The Court asked if petitioner agreed with the written factual basis statements in the Plea Agreement, and petitioner again replied "yes, sir." (Id.) The Court asked if there was anything on those Plea Agreement pages petitioner disagreed with, and petitioner responded "[n]o. It's okay." (Id.) The Court asked petitioner to state in his own words what he did that made him guilty, and petitioner admitted his guilt, stating in part: "The quantity was . . . what they actually had were three kilos. But I am guilty because it goes back to the fact that I talked first about ten, and then, later, five. But what we had was those three kilos." (Id. at pp. 18-19.)

The Court then asked petitioner if his guilty plea was entered freely and voluntarily, and whether it was his own independent

decision to plead guilty.  Petitioner responded "yes, sir" to both questions.  (Id. at p. 19.)  The Court then asked petitioner if his guilty plea was "the result of any threats, force, coercion, or intimidation," to which petitioner responded "no, sir."  (Id. at pp. 19-20.)  Petitioner stated he understood there was a Plea Agreement in the case, identified the Plea Agreement, stated that every page had been translated to him and he signed the last page.  (Id. at p. 20.)  The Court explained various provision in the Plea Agreement, which petitioner said he understood.  (Id. at pp. 20-25.)  The Court then asked petitioner if "anyone coached you, or told you to testify differently than the truth," to which petitioner responded "no, sir."  (Id. at p. 26.)  The Court then asked petitioner "[h]ave you told me the truth?" to which petitioner responded "All the truth, sir."  (Id. at pp. 26-27.)  The Court then asked "Having heard everything I've said, do you still wish to plead guilty to Count 2 of the indictment?", to which petitioner stated "Yes, sir."  (Id. at p. 27.)

The Court then made its findings of fact: "The Court will find that you are now alert and intelligent, that you understand the nature of the charge against you, and the possible penalties, and that you appreciate the consequences of pleading guilty.  I also find that the facts which the government is prepared to prove, and which you admit are true, set forth all the essential elements of Count 2.  The Court would further find that you decision to plead guilty has been made freely, voluntarily, knowingly, and

intentionally, and that you've received the advice and assistance
of a competent attorney." (<u>Id.</u> at p. 27.)  The Court asked
petitioner if he agreed with those findings, to which he replied
"Yes, sir." (<u>Id.</u>)  The Court accepted petitioner's guilty plea.
(<u>Id.</u>)

At the September 26, 2005 sentencing hearing, petitioner
stated that the Presentence Report had been translated to him and
he had discussed the contents with his attorney. (Cr. Doc. # 82 at
p. 3.)  The Court and defense counsel discussed the quantity of
cocaine attributable to petitioner, and the Court summarized: "As
I understand what you're saying now, it is that your client doesn't
dispute that he should be held liable for five kilograms, and that
the guidelines, therefore, are properly calculated, although you
may wish otherwise.  Is that it essentially it?" (<u>Id.</u> at p. 7.)
Defense counsel responded: "Notwithstanding my wish otherwise, and
based on some of the things that were contained in the transcript,
that's – what Your Honor stated is true." (<u>Id.</u>)  The Court then
addressed petitioner directly, asking "Mr. Oliveros, do you
understand what we have been talking about with regard to the
quantity of drugs?", to which petitioner responded "yes, sir."
(<u>Id.</u>)  The following exchange then occurred with petitioner:

> THE COURT: You had pled guilty to a conspiracy that
> specifically stated that you possessed, with intent to
> distribute, five kilograms or more.  It turns out that
> five kilograms is the amount that increases a certain
> guideline calculation.

Your attorney has indicated that you still wish to
admit that you participated in a conspiracy involving
five kilograms or more.  Is that what you wish to do?

THE DEFENDANT (Via interpreter): Yes, sir.

THE COURT: And you understand that the quantity of
five kilograms has a legal significance in your case?

THE DEFENDANT (Via interpreter): Yes, sir.

(Id. at pp. 7-8.)  The Court then proceeded with the sentencing.

### D.

Nothing in the record shows that petitioner has satisfied his burden of showing that his sworn statements made during the plea colloquy were false.  Indeed, the Plea Agreement signed by petitioner, the guilty plea colloquy, and the sentencing hearing establish that petitioner's guilty plea was knowing and voluntary. Petitioner now states that his attorney did not discuss the Plea Agreement with him, but just told him to initial each page and sign the last page and he would be sentenced based upon three kilograms of cocaine and nothing more; never told petitioner he would be pleading guilty to 5 kilograms or more and that the Plea Agreement would foreclose his assertion that he be held responsible for only 3 kilograms; never discussed relevant conduct or that petitioner would be exposed to 10 kilograms discussed in the overall conspiracy.  (Doc. #2 at p.  3.)  As discussed above, the guilty plea colloquy affirmatively refutes all of these belated assertions.  Petitioner also asserts that "[c]ounsel had petitioner allocute to the 5 and 10 kilograms at the guilty plea hearing,

despite knowing that this was contrary to the wishes of the petitioner." (Id. at p. 3.)  The plea colloquy establishes that petitioner was responding to the Court's question that he state in his own words what he did that made him guilty, and that counsel did not put words in petitioner's mouth.  Petitioner's statement that he "always believed that he was going to be sentenced for the amount of drugs he was arrested for, i.e., 3 kilograms of cocaine and nothing more." (Id. at p. 4) is patently false in light of his consistent statement to the contrary to the Court.

Accordingly, the Court rejects any suggestion that petitioner's guilty plea was not valid.  The Court finds that there was no ineffective assistance of counsel provided to petitioner and that his guilty plea was entered knowingly and voluntarily.

**III.**

Petitioner argues that his attorney provided ineffective assistance and therefore he seeks a new sentencing hearing at which he can challenge the amount of cocaine he is responsible for and seek a downward departure for an unspecified reason.  (Doc. #2, at p. 5.)  The issues related to sentencing in petitioner's § 2255 motion are barred by his sentence appeal waiver provision in the Plea Agreement.  Petitioner's Plea Agreement contains the following waiver of sentence appeal provision:

> The defendant agrees that this Court has jurisdiction and
> authority to impose any sentence up to the statutory
> maximum and expressly waives the right to appeal
> defendant's sentence **or to challenge it collaterally on**

> **any ground**, including the ground that the Court erred in
> determining the applicable guidelines range pursuant to
> the United States Sentencing Guidelines, except (a) the
> ground that the sentence exceeds the defendant's
> applicable guidelines range <u>as determined by the Court</u>
> pursuant to the United States Sentencing Guidelines; (b)
> the ground that the sentence exceeds the statutory
> maximum penalty; or (c) the ground that the sentence
> violates the Eighth Amendment to the Constitution;
> provided, however, that if the government exercises its
> right to appeal the sentence imposed, as authorized by
> Title 18, United States Code, Section 3742(b), then the
> defendant is released from his waiver and may appeal the
> sentence as authorized by Title 18, United States Code,
> Section 3742(a).

(Cr. Doc. #52, p. 10, emphasis added.)  Petitioner initialed every page of the Plea Agreement.  (<u>Id.</u>)

It is well established that sentence-appeal waivers are valid if made knowingly and voluntarily.  <u>Williams v. United States</u>, 396 F.3d 1340, 1341 (11th Cir. 2005)(citing <u>United States v. Bushert</u>, 997 F.2d 1343, 1350-51 (11th Cir. 1993)), <u>cert. denied</u>, 513 U.S. 1051 (1994).  During the guilty plea colloquy, the Court highlighted this waiver provision as follows:

> THE COURT: Page 10 of the plea agreement, Paragraph
> 5, relates to the waiver of your right to appeal the
> sentence.  Normally, a person would have the right to
> appeal the sentence on any ground authorized by statute;
> however, under this paragraph, you've agreed to waive,
> and give up, your right to appeal the sentence, **or to
> challenge it collaterally**, on any ground, including the
> ground that the Court erred in determining the applicable
> guideline range pursuant to the United States sentencing
> guidelines.
> There are some exception, however.  You may appeal
> on the ground that the sentence exceeds your applicable
> guideline range, as determined by the Court, under the
> guidelines.  And you may appeal on the ground that the
> sentence exceeds the statutory maximum penalty.  And you

may appeal on the ground that the sentence violates the Eighth Amendment to the United States Constitution.

Other than those three reasons, you have agreed that you cannot, and will not, challenge the sentence, whatever it may turn out to be. Do you understand those things?

THE DEFENDANT (Via interpreter): Yes, sir.

THE COURT: Now, there's an exception. If the government takes an appeal of the sentence, then you're released from this waiver, and then you, too, may appeal the sentence on any ground that's authorized by statute. Do you understand that?

THE DEFENDANT (Via Interpreter): Yes, sir.

THE COURT: Is this particular paragraph, as well as all the paragraphs in the plea agreement, entered into freely, and voluntarily, by yourself?

THE DEFENDANT (Via Interpreter): Yes Sir.

(Cr. Doc. #87, pp. 24-25.) The Court finds that the appeal waiver was clearly knowing and voluntary under <u>Bushert</u>, 997 F.2d at 1350, and its progeny. Therefore, the appeal waiver is proper and effective. <u>United States v. Grinard-Henry</u>, 399 F.3d 1294, 1296 (11th Cir. 2005). Such "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." <u>Williams</u>, 396 F.3d at 1342.

Accordingly, it is now

**ORDERED**:

-16-

1.    Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. 2255 (Doc. #1) is **DENIED**.  The Clerk of the Court shall enter judgment accordingly.

2.    The Clerk shall file a certified copy of the judgment in the corresponding criminal file, Case No. 2:04-cr-111-FtM-29SPC, and close the civil file.

**DONE AND ORDERED** at Fort Myers, Florida, this __27th__ day of February, 2008.


JOHN E. STEELE
United States District Judge


Copies:
Counsel of Record
Eduardo Tamayo Oliveros

-17-